IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CR No.: 3:06-61-JFA |
| ) | |
| v. ) | ORDER |
| ) | |
| MICHAEL FULWILEY ) | |

Upon motion of the defendant under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

IT IS ORDERED that the motion (ECF No. 1245) is denied. The defendant's sentence was governed in large part by the statutory mandatory minimum sentence of 240 months imprisonment for his conviction. The court departed downward from the 240-month mandatory minimum sentence pursuant to U.S.S.G. § 5K1.1, and arrived at a new sentence of 121 months.[1] Amendment 750 does not apply to this situation because it does not have the effect of lowering the defendant's guideline range, due to the application of the mandatory minimum sentence from which the court departed. For this reason, the motion must be denied.

---

[1] Based on a total offense level of 27 and a criminal history category of I, the guideline range for imprisonment was 70 to 87 months. However, due to the statutorily required minimum term of imprisonment of 240 months, the court granted a 5-level reduction pursuant to Rule 35(b) from the analogous level of 37 (210 to 262 months), and arrived at an offense level of 32, which corresponds to a guideline range of 121 to 151 months.

IT IS SO ORDERED.

March 23, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge