IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:06-61-JFA |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| P.W. FERGUSON | ) | |
| _____ | ) | |

This matter is before the court upon the motion of the defendant pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure, to vacate this court's order of July 18, 2011 wherein the court denied defendant's motion under 28 U.S.C. § 2255.

Rule 60(b) of the Federal Rules of Civil Procedure states, in pertinent part,

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . .; (3) fraud . . ., misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . ; (6) or any other reasons justifying relief from the operation of the judgment.

Prior to any review on the merits, the district court "must examine the Rule 60(b) motions received in collateral review cases to determine whether such motions are tantamount to successive applications." *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 bars successive applications unless they contain claims relying on:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

1

>   (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

*Id.* at 204. The restriction on successive applications applies to both novel claims brought in a second or successive application, as well as those claims that merely repeat the claims presented in a previous application. *Id*. While there is no magic formula for making a distinction between a successive and a non-successive Rule 60(b) motion, "a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application." *Id*. at 207. The purpose of this review is to distinguish a proper Rule 60(b) motion from a "successive application in 60(b)'s clothing." *Id*.

Here, the defendant makes no showing that the judgment entered in his previous § 2255 motion is defective for any of the reasons outlined in Rule 60(b). *See Dowell v. State Farm Fire and Cas. Auto. Ins. Co.*, 993 F.2d 46 (4th Cir. 1993). This court has no discretion to decide a Rule 60(b) motion that is functionally equivalent to a successive motion under § 2255. Failing to treat such motions as successive collateral review applications would allow the applicant to "evade the bar against relitigation of claims presented in a prior application or the bar against litigation against claims not presented in a prior application." *Id*.

This court finds that the defendant's Rule 60(b) motion is nothing more than a successive petition. Moreover, on May 10, 2012, the Fourth Circuit Court of Appeals issued the mandate dismissing the defendant's appeal of this court's denial of the § 2255 motion.

As the defendant has not obtained pre-filing authorization from the Fourth Circuit Court of Appeals, this court lacks jurisdiction to consider a successive motion under § 2255. Accordingly, the defendant's Rule 60(b) motion is denied (ECF No. 1300).

It is further ordered that a certificate of appealability is denied because the defendant has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[1]

IT IS SO ORDERED.

September 11, 2012
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

---

[1] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the defendant has failed to make "a substantial showing of the denial of a constitutional right."