IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:06-61-JFA |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| QUENELL WALTERS | ) | |
| | ) | |
| _____ | ) | |

The *pro se* defendant, Quenell Walters, is an inmate with the Federal Bureau of Prisons. He has filed various motions which this court has consolidated and construed as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]

The government, here the respondent, has filed a motion to dismiss the § 2255 motion, contending that it is untimely. The court advised the petitioner in a *Roseboro* order of the importance of his adequate response to the motion to dismiss, however, the defendant did not respond to the motion. *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

For the reasons that follow, the court hereby grants the government's motion to dismiss. Accordingly, an evidentiary hearing is unnecessary.

PROCEDURAL HISTORY

After a jury found the defendant guilty of various drug conspiracy charges involving cocaine base ("crack"), this court sentenced the defendant, on May 30, 2007 to 240 months imprisonment.

---

[1] Because the defendant/petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972).

1

The defendant filed a direct appeal of his conviction, and the Fourth Circuit Court of Appeals affirmed the defendant's conviction and sentence on October 29, 2009. The defendant did not seek certiorari with the United States Supreme Court.

On December 12, 2011, this court received three motions from the defendant raising a number of claims, including ineffective assistance of counsel, false testimony by a witness, and an improper sentence enhancement under 21 U.S.C. § 851. The court issued an order on March 7, 2012, wherein it sent the defendant blank § 2255 forms for him to complete. The court also directed the defendant to advise the court in writing whether he intended to file these motions as a § 2255 motion or consider the motions separately as they were presented to the court. The court advised the defendant that if a merits ruling was made on the motions as they stood, any future motions under § 2255 could be considered successive and subject to pre-filing authorization by the Fourth Circuit Court of Appeals. The defendant failed to respond to any of this court's orders or communications. Thus, the undersigned has consolidated and construed the defendant's motions as one motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

### STANDARDS OF LAW

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the

maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

*Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104–132, 110 Stat. 1214, provides a one-year statute of limitations period on the filing of a § 2255 action. That limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Pub.L. No. 104-132, § 105(2).

DISCUSSION

The defendant's conviction became final on or about October 29, 2009, when the Fourth Circuit Court of Appeals denied his appeal. He did not seek certiorari. When a defendant does not file a petition for writ of certiorari, his conviction becomes final for purposes of § 2255's one-year statute of limitations when the time for seeking certiorari expires, that is 90 days after judgment is entered by the court of appeals. Therefore, the

3

defendant had until January 29, 2011, to file his motion to vacate. The present § 2255 motion was not filed until December 12, 2011—almost a year after the statute of limitations had run—thus, the motion is untimely.

CONCLUSION

For all the foregoing reasons, the court concludes that the defendant's § 2255 motion is untimely. Accordingly, the government's motion to dismiss (ECF No. 1295) is granted.

Because the defendant has failed to make "a substantial showing of the denial of a constitutional right," a certificate of appealability is denied. 28 U.S.C. § 2253(c)(2).[2]

IT IS SO ORDERED.

September 18, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).